# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**DISNEY ENTERPRISES, INC.,**

        **Plaintiff,**

-vs-                                      **Case No. 6:08-cv-728-Orl-19DAB**

**KOOL KLOWN PARTY PEOPLE, INC.,
DAVID F. CHAVECO, MARISOL PEREZ-
CHAVECO,**

        **Defendants.**

_____

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **MOTION TO APPOINT COUNSEL (Doc. No. 16)**
>
> **FILED:** July 1, 2008
> _____
>
> **THEREON** it is **ORDERED** that the motion is **DENIED**.

The corporate defendant, through "officers of the corporation" co-defendants, seeks appointment of counsel to defend it in this trademark infringement case.

As recently stated by a sister court:

> A civil litigant, including a prisoner pursuing a section 1983 action, has no absolute constitutional right to the appointment of counsel. *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir.1985); *Mekdeci v. Merrell Nat'l Laboratories*, 711 F.2d 1510, 1522 n. 19 (11th Cir.1983). The appointment of counsel is instead a privilege that is justified only by exceptional circumstances, such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner. *Wahl,* 773 F.2d at 1174. *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir.1987).

> In the present action, Plaintiff is a corporation. A corporation cannot represent itself and must be represented by counsel. *See Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385-1386 (11th Cir.1985), *cert. denied*, 474 U.S. 1058, 106 S.Ct. 799, 88 L.Ed.2d 775 (1986); *National Independent Theater Exhibitors, Inc. v. Buena Vista Distribution Company*, 748 F.2d 602, 609 (11th Cir.1985), *cert. denied* 471 U.S. 1056, 105 S.Ct. 2120, 85 L.Ed.2d 484 (1985). However, this requirement does not mean that a Court must appoint counsel in a civil action.

*Bridgewater Products, Inc. v. HSBC Mortg. Corp.*, 2008 WL 2813283, 2 (S.D. Fla. 2008) (denying motion, finding that Plaintiff did not meet the "exceptional circumstances" standard). Here, co-Defendants assert that the corporate defendant has no funds to retain counsel. While regrettable, the lack of funds to retain counsel to defend a corporation is not an exceptional circumstance, as a matter of law. *See Rowland v. California Men's Colony, Unit II Men's Advisory Council,* 506 U.S. 194, 202-03, 113 S.Ct. 716, 121 L.Ed.2d 656 (1993) (noting that corporations cannot appear in federal court *pro se* and holding that a corporation could not proceed *in forma pauperis,* as it is not a "person."). The motion is **denied**

The corporate defendant shall have 11 days from the date of this Order in which to retain counsel.

**DONE** and **ORDERED** in Orlando, Florida on August 6, 2008.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties