IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

CASE NO.: 5:08-cv-326-Oc-10GRJ

DISNEY ENTERPRISES, INC.

    Plaintiff,

vs.

KOOL KLOWN PARTY
PEOPLE, INC., DAVID F.
CHAVECO, and MARISOL
PEREZ-CHAVECO

    Defendants.
_____/

DISNEY ENTERPRISES, INC.'S MEMORANDUM IN SUPPORT OF
MOTION FOR DEFAULT JUDGMENT AGAINST
DEFENDANT DAVID F. CHAVECO

Plaintiff, Disney Enterprises, Inc. (hereinafter "Disney" or "Plaintiff"), by and through its undersigned attorneys, hereby submits the following memorandum of law in support of its Motion for Default Judgment against Defendant David F. Chaveco (hereinafter known as "Defendant" or "Chaveco"), and respectfully requests that this Court grant the Plaintiff's Motion pursuant to Fed. R. Civ. P. 55(b)(2).

I.    OVERVIEW

Disney's Complaint states causes of action against Chaveco for copyright infringement, trademark infringement, unfair competition, and dilution under the laws of the United States. Chaveco has unlawfully engaged in the selling,

distributing, offering for sale and advertising unauthorized reproductions of Disney's copyrighted properties and trademarks in conjunction with live children's entertainment services (hereinafter referred to as "Infringing Costume Services").

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1338(a) as the Plaintiff's causes of action arise under the Federal Trademark Act ("The Lanham Act of 1946"), 15 U.S.C. §1051 and the Copyright Act, 17 U.S.C. §101. Further this Court has jurisdiction over the Plaintiff's pendent and common law claims pursuant to 18 U.S.C. §1367. Venue is proper within this District pursuant to 28 U.S.C §1391(b) and §1400(a).

Disney is engaged in a variety of businesses, including operation of the Walt Disney World Resort complex and Disneyland Park, producing and distributing motion pictures and television programs, operating stores and hotels, providing transportation services, producing and selling books, records and tapes, and providing entertainment services. The Plaintiff's copyrights and trademarks, which are at issue in the present action, are indexed as Exhibit A to this memorandum and as Exhibit 1 to the proposed Final Judgment, Permanent Injunction and Order (hereinafter collectively referred to as the "Disney Properties").

Chaveco has in the past infringed the Disney Properties by selling, distributing, offering for sale and advertising the Infringing Costume Services. The Infringing Costume Services utilized the Disney Properties through the unauthorized use of adult costumes, which were either reproductions of the Disney characters or were substantially similar to the copyrighted and trademarked

elements of the works. See Chaveco Request for Admissions ("RFA") No. 3-5, Exhibit B.

At no time has Plaintiff ever authorized Chaveco to advertise, distribute, sell, or offer for sale the Infringing Costume Services. Complaint ¶ 16.

Before filing suit in this matter, the Plaintiff contacted the Defendant several times in an effort to have the Defendant cease in his infringing behavior. Despite these repeated requests, Chaveco failed to comply with Disney's demands as set forth in the letters. See declaration of Cindy Baker attached hereto as Exhibit C.

Disney filed its complaint on May 5, 2008 and served Chaveco on May 14, 2008. The defendants in this matter filed an answer to the complaint on May 30, 2008. A case management conference was held between the parties on July 7, 2008 and the case management report was filed with the Court on July 14, 2008.

On September 4, 2009, Plaintiff filed a motion to compel compliance with the Court's case management order as the Defendants did not provide their initial disclosures or respond to Plaintiff's counsel's correspondence or telephone calls concerning meeting to prepare a joint pretrial statement. This motion was granted on September 9, 2009 and required Defendants to provide their initial disclosures by September 21, 2009 and required Defendants to contact Plaintiff's counsel to schedule a meeting to prepare a final pretrial statement.

Plaintiff entered into settlement with Marisol Perez-Chaveco and filed a settlement agreement and consent to permanent injunction on December 8, 2009. On December 9, 2009, Plaintiff filed a notice of dismissal without prejudice as to

Defendant, Kool Klown Party People, Inc., leaving only David Chaveco as a Defendant in this matter. Also on December 9, 2009, Plaintiff filed a motion for sanctions against Chaveco.

On December 11, 2009, the Court entered an order requiring Chaveco to show cause why a default should not be entered against him. Chaveco did not respond to the Court's order and a default was entered against Chaveco on January 14, 2010. See Exhibit D.

Because a default was entered against Chaveco, the Plaintiff has been prevented from conducting discovery on Chaveco's sales and profits of his business. Accordingly, Plaintiff's Motion for Default Judgment is limited to seeking entry of a Permanent Injunction against Chaveco in the form plead in the Complaint, together with an award of statutory damages.

## II.  THE LAW

"The defendant, by his default, admits the plaintiff's well-plead allegations of fact." *Louis Vuitton v. Wright*, 1992 U.S. Dist. LEXIS 20153; 24 USPQ2d (BNA)(N.D. Ga. 1992) (citing *Thomson v. Wooster*, 114 U.S. 104, 109-110, 29 Led. 105, 5 S. Ct. 788 (1885)); see also *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987). As shown by the allegations in the Complaint and Plaintiff's Request for Admissions to Chaveco, which this Court must take as admitted, Chaveco has infringed on the Disney copyrights and trademarks by selling, distributing, offering for sale and advertising the Infringing Costume Services through his website located at

4

<www.koolklownpartypeople.com>, through his MySpace page and through his Craigslist.com advertising. CA 15.

Given that liability has been established against Chaveco, the only questions left for this Court are whether injunctive relief is appropriate and what amount of statutory damages should be awarded[1].

### III.   DAMAGES

Pursuant to 17 U.S.C. §504, the successful copyright litigant is entitled to any damage suffered and the infringers' profits or, at the sole election of the copyright owner, statutory damages. Statutory damages are awarded per copyrighted work infringed between Seven Hundred and Fifty Dollars ($750.00) and Thirty Thousand Dollars ($30,000.00), at the discretion of the Court. See 17 U.S.C. §504(c)(1). Further, if the Court finds that the infringement was willful, the Court at its discretion may raise the statutory award to One Hundred and Fifty Thousand Dollars ($150,000.00) per infringed work.  §504(c)(2). At this time, Disney elects to recover statutory damages pursuant to §504(c).

Pursuant to 15 U.S.C §1117, Plaintiffs are entitled to recover three times the Defendants' profits or damages sustained by Plaintiffs, and the costs of this action. Alternatively, Plaintiffs may elect to recover statutory damages of $1,000 to $200,000 per mark infringed per type of goods or services sold, offered for sale, or distributed by the Defendants, as the Court considers just. If the Court finds that the

---

[1] In limiting its request to statutory damages Disney is foregoing an award of attorney's fees, which it would otherwise be entitled to pursuant to 15 U.S.C.§1117(b). *Lorillard Tobacco Co., Inc. v A&E Oil, Inc.,* 2007 U.S. App. LEXIS 22483, *19 (7th Cir. 2007). Disney does this as the most efficient means of bringing a final resolution to this matter.

Defendant's use of the counterfeit marks was willful, Plaintiffs may recover a maximum of $2,000,000 per mark infringed. At this time, Disney elects to recover statutory damages pursuant to §1117(c).

Plaintiff has alleged that Chaveco violated its copyrighted works and trademarked properties (CA 20 and 29). Because a default has been entered against Chaveco, these allegations should be deemed admitted.

In *Walt Disney Co. v. Powell*, 283 U.S. App. D.C. 111, 897 F.2d 565, 569 (D.C. Cir. 1990), the Court held that for purposes of awarding statutory damages a separate work is one which has an independent economic value and is, in itself, viable. See also *Gamma Audio & Video, Inc. v. Ean-Chea*, 11 F.3d 1106, 1116-1117 (1st Cir. 1993). There can be little doubt that characters such as "Tigger", "Eeyore", and "Winnie the Pooh" can stand on their own as independent works with substantial economical value. Accordingly, each of the three characters infringed should be considered separate works for purposes of awarding statutory damages.

In determining the appropriate statutory damages to be awarded for each work, this Court may consider "several factors including the expenses saved and profits reaped by infringer, revenues lost by copyright holder as a result of infringement, and infringer's state of mind, whether willful, knowing or innocent." *Nintendo of Am. v. Ketchum,* 830 F. Supp. 1443, 1445 (M.D. Fla. 1993), citing *Nick-O-Val Music, Inc. v. P.O.S. Radio Inc.,* 656 F. Supp. 826 (M.D. Fla. 1987). In addition, the court should be guided by purposes of the Act including restitution to prevent unjust enrichment, reparation of injury, and deterrence of further wrongful conduct

by defendant and others. *Id.* at 1445, citing *Feature Syndicate, Inc. v. Sunrise Mold Co., Inc.*, 569 F. Supp. 1475 (S.D. Fla. 1983).

The remaining factor to consider is whether or not the Defendants acted willfully. Disney never authorized or licensed Defendants to give, provide or solicit the sale of the display, staging or production of any live performance utilizing any Disney character costume(s), authorized or not, featuring the likeness or any of Disney's characters. Additionally the Defendants were aware that Disney owned the copyrights to "Tigger" and "Eeyore" and trademark rights to "Winnie the Pooh", "Tigger", and "Eeyore" because they were put on notice by Plaintiff's counsel. The Defendants received two cease and desist letters, which informed them of their infringing conduct. See Exhibit C. Notwithstanding their receipt of these letters, the Defendants continued to sell, offer for sale, and distribute the Infringing Costume Services through their website and their conduct should be deemed willful.

Taken together, Disney respectfully requests that this Court enter an Order awarding statutory damages of Twenty Thousand Dollars ($20,000.00) per each of the copyrighted works[2], totaling Forty Thousand Dollars ($40,000.00) in its favor and against the Defendants. Furthermore, Disney respectfully requests that this Court enter an Order awarding statutory damages of Twenty Thousand Dollars ($20,000.00) per each of the trademarks infringed[3], totaling Sixty Thousand Dollars ($60,000.00) in its favor and against the Defendants. In sum, Disney requests that this

---

[2] Chaveco violated Disney's "Tigger" and "Eeyore" copyrights.
[3] Chaveco violated Disney's "Tigger", "Eeyore" and "Winnie the Pooh" trademarks.

Court enter an Order awarding a total of One Hundred Thousand Dollars ($100,000.00) in its favor and against Chaveco.

## IV. PERMANENT INJUNCTIVE RELIEF

The elements for granting a permanent injunction include: "1) irreparable harm; 2) success on the merits; 3) balancing on competing claims of injury to the parties; and 4) consideration of the public interest." *Sony Music Entertainment, Inc. v. Global Arts Productions*, 45 F. Supp. 2d 1345, 1347 (S.D. Fla. 1999) (citing Warren Pub., Inc. v. Microdos Data Corp., 115 F.3rd 1509, 1516 (11th Cir.), *cert. denied* 522 U.S. 963, 118 S. Ct. 397, 139 L. Ed. 2d 311 (1997)).

With respect to the first and second elements, "[w]hen a defendant is in default, the element of success on the merits is satisfied, and plaintiff[s] need not show irreparable harm" *Id.* As a default has been entered against Chaveco, liability has already been decided as to Disney's claims. *Id.*

With respect to the third element, balancing the harm to the parties, the only effect of entry of the Permanent Injunction would be to prevent Chaveco from further violating Disney's Copyrighted Properties and Trademarks. Chaveco is certainly aware of Disney's claims, as he has received numerous communications, including service of the present lawsuit over the past years. Given this, the balance of equities clearly falls in favor of granting the Permanent Injunction. *Scientific Applications, Inc. v. Energy Conservation Corp. of America*, 436 F. Supp. 354, 362 (N.D. Ga. 1977); *Tish Hotels, Inc. v. Atlanta Americana Motor Hotel Corp.*, 254 F. Supp. 743, 750 (N.D. Ga. 1966).

Even if the issuance of a permanent injunction would have a devastating effect on Chaveco's business, an injunction should still be granted by the Court since an infringer should not be permitted to construct a business around infringing activities. *Apple Computer, Inc. v. Franklin Computer Corp.*, 714 F. 2d 1240, 1255 (3rd Cir. 1983), and *Callaway Golf Company v. Golf Clean, Inc.*, 915 F. Supp. 1206, 1215 (M.D. Fla. 1995) ("A preliminary injunction will not cause Defendants to suffer any legitimate harm, because they are simply being prevented from selling a product that they are not legally entitled to sell."). Accordingly, the balance of hardships tips decidedly in favor of the Plaintiffs.

The final consideration in granting a permanent injunction is where the public interest lies. *Scan Design of Florida, Inc. v. Scan Design Furniture, Inc.*, 2001 U.S. Dist. LEXIS 7945 (SD Fla., May 18, 2001). The public needs to be protected from being misled and confused as to the source of unauthorized merchandise bearing Plaintiffs' Trademarks as a direct result of Chaveco's advertising, distributing, selling and offering for sale the Infringing Costume Services. "In a trademark infringement or unfair competition case, a third party, the consuming public, is present and its interests are paramount." *BellSouth Advertising & Publishing Corp. v. Real Color Pages, Inc.*, 792 F. Supp. 775, 785 (MD Fla. 1991). Accordingly, public interest will be served by entry of a permanent injunction, as it will prevent public confusion.

Based on the foregoing, Disney respectfully requests this Court to enter a permanent injunction against Chaveco enjoining him from further infringing

9

Disney's Copyrighted Properties or Trademarks or otherwise representing to the public that he is associated with, sponsored by or is any way connected with Disney.

V. CONCLUSION

Disney respectfully requests this Court to enter an Order granting Disney's Motion for Default Judgment, including but not limited to awarding statutory damages for copyright infringement of Forty Thousand Dollars ($40,000.00), statutory damages for trademark infringement of Sixty Thousand Dollars ($60,000.00), for a total award of One Hundred Thousand Dollars ($100,000.00) and entry of Permanent Injunction against David F. Chaveco in the form attached hereto as Exhibit E.

I HEREBY CERTIFY that a true and correct copy of the foregoing has been electronically filed with the Court by using the CM/ECF system and U.S. Mail to David F. Chaveco, 400 SW 12th Street, Fort Lauderdale, FL 33315-1407, this 27th day of January 2010.

/s/ Stephanie Boomershine
Michael W.O. Holihan
FL Bar No: 782165
Stephanie Boomershine
FL Bar No: 0046667
Holihan Law
1101 North Lake Destiny Road
Suite 275
Maitland, FL 32751
Phone: 407.667.8811
Fax: 407.667.0020
info@holihanlaw.com
Attorneys for Plaintiff